NUGENT, WEINMAN, ABBENE,
ALCOCK & WOLFE, APC
 K. Todd Curry (149360)
1010 Second Avenue, Ste. 2200
San Diego, California 92101
Telephone:  (619) 236-1323
Fax Number: (619) 238-0465

Attorneys for Debtor Rebecca Heisler
aka Robby Lori Heisler

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>REBECCA HEISLER aka ROBBY LORI HEISLER<br><br>Debtor. | CASE NO.  04-08410-JM7<br><br>Chapter 7<br><br>DECLARATION OF K. TODD CURRY IN SUPPORT OF PROPOSED ORDER:<br><br> (1) REOPENING CHAPTER 7 CASE; AND<br><br> (2) AVOIDING JUDGMENT LIEN OF ROBERT DE ROSE PURSUANT TO 11 U.S.C. § 522(F) |

I, K. Todd Curry, declare:

1. I am an attorney at law duly licensed to practice before this Court and all courts of the State of California, and I am a shareholder of Nugent, Weinman, Abbene, Alcock & Wolfe, APC, counsel for the debtor, Rebecca Heisler aka Robby Lori Heisler (the "Debtor").  I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would be competent to testify to such facts.

2. On February 8, 2005, I caused to be served and filed: (A) the Debtor's Motion For Order (1) Reopening Chapter 7 Case, and (2) Avoiding Judgment Lien of Robert de Rose Pursuant to 11 U.S.C. § 522(f) (the "Motion") [Docket No. 15]; and (B) the Notice of Motion

1

For Order (1) Reopening Chapter 7 Case, and (2) Avoiding Judgment Lien of Robert de Rose Pursuant to 11 U.S.C. § 522(f) (the "Notice") [Docket No. 14]. The Notice and the Motion were served on the judgment creditor / judgment lien holder, Robert de Rose ("de Rose"), via U.S. Mail at his home address and work address, and the same documents also were served on de Rose via U.S. Mail in care of his counsel, John T. Farmer, whose name and address appear on the Abstract of Judgment recorded at the Office of the San Diego County Recorder. The Notice and the Motion also were served on Chapter 7 Trustee Leslie Gladstone. See the Proof of Service included in the Notice [Docket No. 14]; see also the Motion, Exhibit 2 (copy of the recorded Abstract of Judgment).

3.      One envelope containing copies of the Notice and the Motion was returned by the Post Office because it was addressed to de Rose's residence in Rancho Santa Fe, and the United States Postal Service refuses to deliver mail to residences in Rancho Santa Fe unless the appropriate Post Office box number is included. Therefore, on February 28, 2005, I caused copies of the Notice and the Motion to be served on de Rose via U.S. Mail at his residence in Rancho Santa Fe, but this time we included the street address and the Post Office box number. See the Supplemental Proof of Service [Docket No. 17]. These copies of the Notice and the Motion were not returned, and therefore, I believe that they were delivered.

4.      Included with and attached to the Motion [Docket No.15] is a declaration from the Debtor dated January 23, 2005 ("Heisler Declaration"). I believe that the Heisler Declaration complies with Local Bankruptcy Rule 9013-2(B)(3)(A) because it is a declaration of the Debtor and it contains the Debtor's opinion regarding the fair market value of her real property both as of the petition date and as of the date of the filing of the Motion. Heisler Declaration, ¶ 8.

5.      I believe that the Motion further complies with Local Bankruptcy Rule 9013-2(b)(3)(B)-(E) because the Motion: (1) contains the amount of the lien to be avoided (Heisler Declaration, ¶ 5 & Ex. 3); (2) the value claimed exempt and the factual basis for the exemption, which is the Debtor's disability (Motion, ¶ 8; Heisler Declaration, ¶ 10); (3) the other liens on the property (Heisler Declaration, ¶ 9); and (4) the statutory basis for the exemption (Motion, ¶ 8). I am not aware that the Debtor recorded a declared homestead, but in any event, the Debtor is not

1  relying upon the declared homestead exemption but is relying on the regular homestead
2  exemption.

3      6.    The Heisler Declaration and its accompanying Exhibits were served with all
4  service copies of the Notice and the Motion.

5      7.    The deadline by which any opposition or other response to the Motion was to be
6  filed expired not later than March 17, 2005, which is 17 days after the Motion was re-served on
7  de Rose at his residence address.  As of April 14, 2005, my office has received no opposition or
8  other response to the Motion, nor does the Docket reveal that any opposition or other response to
9  the Motion has been filed with the Court.

10  I declare under penalty of perjury that the foregoing is true and correct and that this
11  declaration was executed on the 14th day of April 2005 at San Diego, California.

13  /s/ K. Todd Curry
    K. Todd Curry

3